UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00055-LLK

TAMMY R. KERNS                                                                                        PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 16 and 18. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 11.)

Because the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence and Plaintiff's arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Discussion

In October 2017, Plaintiff's treating physician, Jerry Lawson, M.D., completed the standard physical assessment form. (Administrative Record (AR) at 662-66.) Among other things, Dr. Lawson found that Plaintiff can stand up to 10 minutes continuously and for a total of 2 hours and that Plaintiff can walk up to 20 minutes continuously and for a total of 3 hours. (AR at 664.) Additionally, Dr. Lawson found that Plaintiff can use her hands for repetitive actions such as simple grasping and pushing / pulling of arm controls but that she cannot use her hands for repetitive actions such as fine manipulation because "pain and stiffness exclude fine movement." (AR at 665.)

The ALJ gave Dr. Lawson's findings "moderate weight" and found, among other things, that Plaintiff can "stand or walk for 6 hours in an 8-hour workday" and "can perform work that does not involve more than occasional fine fingering." (AR at 44.)

The vocational hypotheticals contemplated, among other things, an individual who can stand/walk for 6 hours per 8-hour workday and can frequently handle (grossly manipulate) and occasionally finger (finely manipulate) objects. (AR at 118.) The vocational expert (VE) testified that such an individual can perform a significant number of unskilled, light jobs in the national economy such as sales attendant, laundry classifier, and cleaner housekeeping.[1] (AR at 114-17.) The ALJ denied Plaintiff's disability claim based on acceptance of the vocational testimony. (AR at 45-46.)

Plaintiff makes five arguments, none of which is persuasive. First, she argues that "[w]hile the ALJ did determine that [she] was limited to work that did not involve more than occasional fingering, she did not properly limit her in regard to her ability to handle as that would also have been limited due to her bilateral ulnar neuropathy and bilateral carpal tunnel syndrome as well as her cervical degenerative disc disease." (Docket # 16 at 3-4.) The argument is unpersuasive for two reasons. First, Plaintiff's assertion that she is significantly limited in her ability to handle objects is at odds with Dr. Lawson's finding (noted above) that she can use her hands for repetitive actions such as simple grasping and pushing / pulling of arm controls. (AR at 665.) Second, Dr. Lawson's findings are consistent with the ALJ's findings and with the limitations contemplated by the vocational hypotheticals. This is because an individual who can stand in 10-minute stretches for 2 hours (total, during an 8-hour workday) and can walk in 20-minute stretches for 3 hours (total, during an 8-hour workday) can stand/walk (at will) for 6 hours (total, during an 8-hour workday). An individual who cannot engage in fine manipulation / movement / fingering on a repetitive basis can engage in that action on an occasional basis.

---

[1] Consistent with the VE's testimony, unskilled, light jobs generally require gross use of the arms and hands to grasp, hold, and turn objects but do not require fine use of the fingers, which is associated with sedentary work. SSR 83-10, 1983 WL 31251, at *6; SSR 83-14, 1983 WL 31254, at *4.

Second, Plaintiff argues that "the ALJ erred in failing to find that [her] fibromyalgia was a severe impairment." (Docket # 16 at 5.) The ALJ found that Plaintiff suffers from severe, or vocationally significant, obesity, cervical degenerative disc disease, bilateral ulnar neuropathy, bilateral carpal tunnel syndrome, and asthma, but found that her fibromyalgia is non-severe. (AR at 40.) When (as here) an ALJ determines that one or more impairments is severe, the ALJ is required to consider the limitations and restrictions imposed by all impairments – both severe and non-severe. *Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x 593, 597 (6th Cir. 2018). Therefore, a failure to label a given impairment as non-severe is, at worst, harmless error and is "legally irrelevant" unless there is evidence that the ALJ, in fact, failed to consider the limitations imposed by all impairments. *Id.* at 598. Plaintiff has neither alleged nor shown such a failure.

Third, Plaintiff argues that the ALJ erred in evaluating her limitations due to pain and other subjective symptoms. (Docket # 16 at 5-6.) In evaluating the intensity and persistence of a claimant's allegations due to subjective symptoms, an ALJ considers the factors listed at 20 C.F.R. § 416.929(c)(3)(i)-(vii).[2] While substantial evidence may have supported a different weighing of these factors, the ALJ's weighing was supported by substantial evidence. Therefore, Plaintiff's argument is unpersuasive. *See Blakley v. Comm'r*, 581 F.3d 399, 405-06 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

Fourth, Plaintiff argues that "the ALJ failed to sufficiently articulate the reasons for discrediting the opinion of Dr. Jerry Lawson, [her] treating health care professional." (Docket # 16 at 6.) As discussed

---

[2] The factors are: "(i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms."

above in connection with Plaintiff's first argument, the ALJ gave "moderate weight" to Dr. Lawson's findings (AR at 44), and those findings are generally consistent with the ALJ's findings. To the extent Plaintiff's argument is that the ALJ erred in discrediting Dr. Lawson's per-se disabling finding that she is likely to be absent from work as a result of impairments / treatment more than four times a month (AR at 666), there was no error. *See Jackson v. Comm'r*, No. 3:18-CV-251, 2019 WL 4183873, at *6 (S.D. Ohio Sept. 4, 2019) (report adopted, 2019 WL 4744810) (In general, opinions of a disabling degree of absenteeism go to the ultimate issue of disability and are "at best, speculative and primarily based on … subjective allegations.").

Plaintiff's fifth and final argument is that "the vocational testimony was not sufficient to establish jobs in the economy that [she] could perform" because the ALJ's vocational hypotheticals were unclear regarding the extent of the individuals' abilities to handle and finger. (Docket # 16 at 8 citing AR at 110-17.) Plaintiff clarified any confusion when, upon cross examination, the VE testified that the identified jobs require frequent handling and occasional fingering. (AR at 118.)

**Order**

Because the ALJ's decision is supported by substantial evidence and Plaintiff's arguments are unpersuasive, the final decision of the Commissioner is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

November 11, 2019

**Lanny King, Magistrate Judge**
**United States District Court**